```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ANTHONY RAY JENKINS,**
        **Plaintiff,**

     v.

                                               CASE NO. 12-3147-SAC

**NOLA FULSOM, Sedgwick
County District Attorney,
et al.,**
        **Defendants.**

## O R D E R

This civil complaint was filed pro se by an inmate of the Sedgwick County Jail, Wichita, Kansas, on forms for filing pursuant to 42 U.S.C. § 1983. Plaintiff seeks release from jail, expungement of his record, and money damages for time spent in jail.

Mr. Jenkins has neither paid the filing fee nor submitted a properly-supported motion to proceed without prepayment of fees. He has been informed many times of the statutory filing fee prerequisites, that he must make a proper motion to proceed without prepayment of fees, and of the financial information he is required to provide with such a motion.

Mr. Jenkins has previously been designated a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), and has been informed several times of the following. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

>facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.  He is thus required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury."  *Id*.; *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999).  The court has considered the allegations in the instant complaint and finds that they are similar to ones made by plaintiff in prior cases that have been dismissed for various reasons, including under the three-strikes provision.  The court further finds that plaintiff's fact allegations do not show that he is in imminent danger of serious physical injury.

The court comments that Mr. Jenkins has also been informed many times that claims for release from jail must be presented in a habeas corpus petition, and that all state court remedies must be exhausted upon such claims before they may be brought in federal court.  He has also been advised that claims for money damages based upon alleged illegal confinement are premature, until after he has actually managed to overturn his convictions by proper process.

The court finds that it would serve no purpose to give Mr. Jenkins the opportunity to amend his pleading or otherwise respond in this case, since his complaint is repetitive and

contains defects of which he has been informed in the past and which were not cured when he was previously given the opportunity.

Accordingly, this action is dismissed on account of plaintiff's three-strikes status and his failure to either submit the filing fee in full or show that he is in imminent danger of serious physical injury.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge